UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUNG LINH HOANG, | ) | CASE NO. SA CV 10-01588 RGK (RZ) |
|               Petitioner, | ) ) | ORDER TO SHOW CAUSE |
|     vs. | ) | RE TIMELINESS |
| GONZALEZ, Warden, | ) ) | |
|               Respondent. | ) ) | |

        The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (June 14, 2010).

The current petition was filed on October 19, 2010. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

    (a)    On July 14, 2004 an Orange County Superior Court jury convicted Petitioner of attempted murder and other charges. He was sentenced to state prison for "7 years to life . . . plus 10 years." Pet. ¶¶ 1-2.

    (b)    Petitioner appealed. The California Court of Appeal issued a written, unpublished opinion affirming the conviction on April 28, 2006. *People v. Hoang*, No. G034779, 2006 WL 1124673. The California Supreme Court denied further direct review on July 19, 2006. *See* Pet. ¶ 4(c), (d).

    (c)    Petitioner had 90 days thereafter to seek *certiorari* in the United States Supreme Court. *See* SUP. CT. R. 13.1. Because no Supreme Court docket entry bears his name, he apparently did not do so. His conviction therefore became final after October 17, 2006.

    (d)    Over a year passed. On January 17, 2008, Petitioner commenced a series of habeas petitions, starting in the trial court. That court denied relief on January 30, 2008. *See* Pet. ¶ 6(a); *see also* docket in *In re Hoang*, Orange County Superior Ct. case no. M-11652. The California Court of Appeal denied an identical petition on April 17, 2008. *See* Pet. ¶ 6(b). Petitioner lists no other state-court challenges in the 18 months after that ruling and his filing of this action.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale after mid-October of 2007, one year after his conviction became final. Petitioner's

commencement of state habeas proceedings thereafter cannot rejuvenate his stale claim. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Moreover, even if Petitioner had enjoyed a full (instead of an already-expired) one-year AEDPA limitations period when he ended his state-habeas challenges on April 17, 2008, this action still would be untimely. Petitioner waited a year and a half after April 2008 before commencing this action. The petition would also be untimely even if deemed filed on the stated signature date of August 26, 2010 – a remarkable eight weeks before it was filed.

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling. *See Holland v. Florida*, *supra*, 130 S. Ct. at 2562-63 (equitable tolling of AEDPA statute requires petitioner to show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way). (Petitioner asserts in a conclusory way that his privately-retained counsel "committed 'egregious misconduct' by failing to file petitions in Supreme Court (Calif.) and exhaust .. [*sic*][1] Petitioner will request equitable tolling." Pet. ¶ 8. He now shall have the opportunity to substantiate his claim to equitable tolling.)

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

///

---

[1] Indeed, one of the claims, Claim 1, remains unexhausted, as Petitioner expressly states. Pet. ¶ 7(a)(2), (3), (4). Such failure is grounds for dismissal of the "mixed" action. *See generally Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: October 25, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE